R. F. WILLIS & BROTHER, RESPONDENTS, v. FRANK J. GAVENTA, APPELLANT.

Submitted December 4, 1919—Decided April 3, 1920.

A building contract, duly filed, provided for the payment of the contract price by the owner to the contractor in six installments, the last of $1,900 to be paid when the building was finished and releases of liens furnished by the builder. After the building was completed, the defendant, the owner, on the order of the contractor, paid out of the money still due on the final payment, bills of certain materialmen; thereafter, the plaintiffs, having demanded payment of their bill from the contractor, and payment being refused, filed a stop-notice with the defendant and then brought suit against the owner for the full amount of the debt due them from the contractor. *Held*, that the clause in the contract requiring the contractor to furnish a release of liens before final payment had no application to the situation, as the contractor was the only person who could file a lien, and then only in the event that the owner refused to pay the contract price, of which there was no evidence adduced at the trial.

On appeal from the Salem Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Thomas G. Hilliard.*

For the respondents, *Leap, Sharpless & Way.*

The opinion of the court was delivered by

MINTURN, J. The case was tried before the Circuit judge without a jury. The defendant Gaventa, as owner of a lot of land in Penn's Grove, entered into a contract with Pontiers & Michael, contractors, for the building of a house thereon. The contract was duly filed, together with the specifications, and provided for the payment of the contract price by the owner to the contractor in six installments, the last payment "of $1,900 to be paid when building is finished and release of liens is furnished by the builders." The plaintiffs were materialmen and sold to the contractors $1,674.20 worth of materials which went into the building. The building was completed some time prior to July 15th, 1917, and all the contract payments except the final one had been made prior to that date. After the building was completed the defendant, on the order of the contractors, paid out of the moneys still remaining in his hands, viz., $1,900, the final payment to certain materialmen whose bills aggregated $1,068.90.

Thereafter and on the 17th of August, 1917, the plaintiffs demanded payment of their bill from the contractors, and payment being refused the plaintiffs on the same day filed a stop-notice with the defendant and this suit is predicated on that notice. The trial court found in favor of plaintiffs and against the defendant for the full amount of the contractors' indebtedness to the plaintiff. We think this finding erroneous.

The case was decided apparently upon the theory that the payments to the materialmen were in violation of section 5 of the Mechanics' Lien law, which provides that if the owner of any building shall in advance of the terms of the contract pay any money on such contract, and the amount still due to the contractor after such payment has been made shall be insufficient to satisfy the claims of the parties who file stop-

notices, the owner shall be liable in the same manner as if no payment had been made.

It is contended that the payment of these amounts was made in advance of the terms of the contract, and the contention is based upon the argument that the last payment of $1,900 was not due until the building was finished and the release of liens was furnished. There is nothing, however, in the case upon which this contention can be supported as a fact. There were no liens to be released, and the section referred to has no application to the situation. The contractor was the only person who could file a lien, and he could not do so unless the owner refused to pay the contract price, and there is no evidence of such refusal.

The expression "release of liens," in the contract, may be broad enough to include liens upon moneys in the hands of the owner which might be affected by stop-notices served with him, but in the absence of the existence of such liens at the time the payments were made to the materialmen, under the order of the contractor, the language can have no application. Upon completion of the building the contractor was entitled to have the last payment made without further formality since there were no liens to be released.

The case in that respect differs from *Turner* v. *Wells*, 64 *N. J. L.* 269; affirmed in 67 *Id.* 572, in which the contract provided that the contractor should furnish the owner not only with a release of liens, but also with a release of all claims against him.

In this situation the limit of the owner's liability to the plaintiff was the amount remaining in his hands at the time the stop-notice was served upon him.

This result requires the reversal of the judgment.